TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
CATHERINE AHN (Cal. Bar No. 248286)
BRIAN FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Major Frauds/Environmental and Community Safety Crimes Sections
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/2424/3819
     Facsimile: (213) 894-6269/0141
     E-mail:    Scott.Paetty@usdoj.gov
                Catherine.S.Ahn@usdoj.gov
                Brian.Faerstein@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division, U.S. Department of Justice
CHRISTOPHER FENTON
Trial Attorney, Fraud Section
Criminal Division, U.S. Department of Justice
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 320-0539
     Facsimile: (202) 514-0152
E-mail:   Christopher.Fenton@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>EDVARD PARONYAN,<br><br>　　　　Defendant. | No. CR 20-579(A)-SVW-7<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT EDVARD PARONYAN'S EX PARTE APPLICATION TO MODIFY CONDITIONS OF RELEASE RE: TRAVEL TO PALM SPRINGS (ECF 900); MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT |

　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District

of California, Assistant United States Attorneys Scott Paetty, Catherine Ahn, and Brian Faerstein, and Department of Justice Trial Attorney Christopher Fenton, hereby submits its opposition to defendant Edvard Paronyan's ex parte application to modify the conditions of pretrial release regarding travel to Palm Springs. (ECF 900.)

The government's opposition is based on the attached memorandum of points and authorities and accompanying exhibit, the files and records in this case, and such additional evidence or argument as the Court may permit.

Dated: August 31, 2021        Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

         /s/
_____
SCOTT PAETTY
CATHERINE AHN
BRIAN FAERSTEIN
Assistant United States Attorneys
CHRISTOPHER FENTON
Department of Justice Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government respectfully submits this opposition to defendant Edvard Paronyan's <u>fifth ex parte</u> application to modify his conditions of pretrial release. (<u>See</u> ECF 387, 561, 662, 864, 900.) The government concurs with the United States Probation Office's (the "USPO") opposition to defendant's latest request, this time to travel to Palm Springs for a four-day family vacation. (ECF 900.)

The Court should deny defendant's application for at least four reasons:

<u>First</u>, as the USPO recognizes, defendant's sentencing hearing is just weeks away, scheduled for September 27, 2021. (<u>See</u> Exhibit 1 attached hereto (email correspondence between defendant's counsel, government, and USPO regarding requested modification).) Defendant has pleaded guilty to one count of wire fraud in connection with his role in a scheme to steal over $400,000 in COVID-19 disaster relief loan proceeds intended for small businesses that needed the money to survive. (ECF 469, 524.) Based on the USPO's calculated criminal history category of III, defendant's advisory Guidelines imprisonment range is 27-33 months. (ECF 803 ¶ 120.)

On the eve of sentencing, the USPO believes defendant's request for a further modification of his terms of pretrial release to allow for a family vacation constitutes neither a "necessity" nor an "emergency." (<u>See</u> Exh. 1.) The government agrees. The government notes that it has been amenable to work with defendant and his counsel with respect to reasonable modifications specific to address the needs of defendant's family. For example, the government has been willing to accommodate defendant's requests for modest modifications to allow him to attend his children's school graduation

events during specific times of the day. (See ECF 387, ¶ 7; 561, ¶ 9.) But the requested four-day family vacation here does not reasonably serve the same limited purpose of allowing defendant to participate in local school-related events for a finite period of time. Rather, it presents an unnecessary opportunity for flight. Indeed, the closer defendant gets to his September 27 sentencing hearing, the more likely he is to flee.

Second, the government's concerns about risk of flight are underscored by recent events regarding two of defendant's co-defendants in this case, defendants Richard Ayvazyan and Marietta Terabelian. Specifically, on August 29, 2021, the USPO reported that defendants Ayvazyan and Terabelian had destroyed or removed their location monitoring devices and absconded from supervision in advance of their October 4, 2021 sentencing hearings. (See ECF 904-1, ¶ 2.) As part of his plea agreement and change of plea in this case, defendant admitted to having socialized with defendants Ayvazyan and Terabelian in the past. (See ECF 469, ¶ 11.) Defendant also admitted to providing defendants Ayvazyan and Terabelian with $150,000 from the proceeds of a COVID-19 disaster relief loan defendant obtained, for purposes of defendants Ayvazyan and Terabelian making a down payment on a new home. (See id.) Defendant's apparent close relationship with co-defendants who have already fled in this case gives the government significant concerns as to defendant's own risk of flight, particularly considering defendant is subject only to location monitoring by telephone and not an ankle bracelet.

Third, in connection with its presentence investigation, the USPO identifies certain financial factors underscoring its concerns

about defendant's proposed vacation at this stage of the proceedings. Specifically, the USPO notes that defendant's monthly expenses exceed his reported income, and he informed the USPO that he has outstanding or unpaid taxes owed to the State of California in the amount of approximately $200,000.  (See Exh. 1.)  As part of his plea agreement, defendant has agreed that he owes approximately $430,187 in restitution to victims in this case.  (ECF 469, ¶ 7.)  Thus, defendant's requested vacation is not appropriate in light of his financial commitments to victims as part of restitution for which the government anticipates the Court will soon be entering at sentencing. The fact that defendant appears to be living beyond his means gives the government further concern about his risk of flight as the reality of the imposition of significant financial obligations (not to mention time in prison) fast approaches.

Finally, the USPO also notes that defendant is currently on probation for a California state driving under the influence conviction he sustained as a result of an incident that took place in Palm Springs – the intended location of his requested vacation.  (See Exh. 1.)  Defendant's term of probation in that case is reportedly set to expire in February 2022.  Defendant's request to travel back to Palm Springs for vacation, while under federal and state supervision less than one month away from sentencing in this case, should be rejected.

In conclusion, the government respectfully requests the Court deny defendant's fifth ex parte application to modify the conditions of his release.